**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-00076-RM-KLM

ALLIANCE OF NUCLEAR WORKERS ADVOCACY GROUPS,
ROCKY FLATS DOWNWINDERS,
CANDELAS GLOWS/ROCKY FLATS GLOWS,
ENVIRONMENTAL INFORMATION NETWORK (EIN) INC.,
ROCKY FLATS NEIGHBORHOOD ASSOCIATION,
ROCKY FLATS RIGHT TO KNOW, and
ROCKY MOUNTAIN PEACE & JUSTICE CENTER,

      Petitioners,

v.

UNITED STATES OF AMERICA,

      Defendant.
_____

## ORDER
_____

This matter is before the Court on Petitioners' motion for writ of mandamus. (ECF No. 27.) The motion has been fully briefed. (ECF Nos. 28, 29.) For the reasons given below, the Court denies the motion.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." For mandamus to issue, a court must find a clear right to the relief sought, a plainly defined and peremptory duty on the part of the defendant to do that action in question, and no other adequate remedy available. *Wilder v.*

*Prokop*, 846 F.2d 613, 620 (10th Cir. 1988). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Id.* (quotation omitted).

## II. BACKGROUND

Petitioners brought this action to obtain business records that third parties provided to special grand jury 89-2, which was impaneled thirty years ago to investigate possible environmental crimes at the Rocky Flats Nuclear Weapons Plant. After the grand jury was discharged, the operator of the facility pled guilty to ten criminal charges and agreed to pay a fine of $18.5 million.

Matters occurring before a grand jury are generally secret. *See* Fed. R. Crim. P. 6(e)(2). Petitioners seek disclosure of these business records under an exception to the general rule allowing a court to authorize disclosure of grand-jury matter "preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). In the alternative, Petitioners contend that the business records are not grand jury records subject to Fed. R. Crim. P. 6(e).

Petitioners have requested that Defendant produce the business records, but Defendant states that it cannot locate them. Petitioners seek an order directing the Department of Justice to "commit sufficient resources and investigation methods necessary to report back to this Court and Petitioners within thirty (30) days the location of the business records." (ECF No. 27 at 4.)

## III. ANALYSIS

The Court finds that Petitioners have failed to demonstrate an extraordinary situation for which the drastic remedy of mandamus relief would be appropriate. First, they have not cited any legal authority for the proposition that they are entitled to the business records. Thus, they have not shown a clear right to the relief sought.

Second, although Petitioners have identified some legal authority for the proposition that Defendant has a legal duty to make, preserve, and manage its records, they have not shown a plainly defined and peremptory duty on the part of Defendant to locate and disclose the records at issue here.

Third, Petitioners have not shown that no other adequate remedy is available. They argue that attempting to obtain the records from the parties that produced them would be futile but do not assert that they have undertaken any such effort.

Under these circumstances, Petitioners have not shown that they are entitled to mandamus relief.

## IV. CONCLUSION

Therefore, Petitioners' motion (ECF No. 27) is DENIED.

DATED this 4th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge