# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:19-cv-00076-RM-KLM

ALLIANCE OF NUCLEAR WORKERS ADVOCACY GROUPS,
ROCKY FLATS DOWNWINDERS,
CANDELAS GLOWS/ROCKY FLATS GLOWS,
ENVIRONMENTAL INFORMATION NETWORK (EIN) INC.,
ROCKY FLATS NEIGHBORHOOD ASSOCIATION,
ROCKY FLATS RIGHT TO KNOW, and
ROCKY MOUNTAIN PEACE & JUSTICE CENTER,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

## ORDER

---

This matter is before the Court on its *sua sponte* Order to Show Cause as to why this case should not be dismissed as moot (ECF No. 34) and Petitioners' Response (ECF No. 35).

After filing their Petition for Disclosure of Certain Documents Provided to Special Federal Grand Jury 89-2 ("Petition") (ECF No. 1), this Court learned there was a possibility that the United States Attorney's Office ("USAO" or the "Government") no longer possessed "public and business documents" gathered by Special Federal Grand Jury 89-2 ("SFGJ 89-2") during its investigation into certain conduct by Rockwell International Corporation at Rocky Flats Nuclear Weapons Plant ("Rocky Flats"). As a result, the Court directed the Government review its own records to determine whether it in fact possessed what Petitioners seek. (ECF No. 32.) The

Government subsequently filed a Report, explaining its investigation returned no relevant records.[1] (ECF No. 33.)

On May 26, 2020, the Court issued an Order to Show Cause (ECF No. 34), directing Petitioners to address the threshold question of whether the Court possesses subject matter jurisdiction over this action and explain why their Petition is not moot due to the Government's Report.

Petitioners respond that the USAO is only one possible location for the "public and business documents provided to the [SFGJ] 89-2," and that it is possible that these records, which are a subset of the 2,000 exhibits considered by SFGJ 89-2, can be located within the *court's* system. (ECF No. 35, at 2–4.) Petitioners argue that there is no way for them to know for sure whether those records exist with the court, because there are at least five cases that remain under seal where "[t]he Court was called upon . . . to review the exhibits, and to enter rulings based on the [SFGJ] 89-2's work." (*Id.* at 3, 4, 9–11.) Petitioners cannot say one way or the other whether those documents exist within the possession of the court, because no inventory can be taken where those cases remain sealed. (*Id.* at 15–17.) Therefore, Petitioners argue that the case cannot be moot because it is necessary to unseal those cases at least to the extent an inventory can be taken to identify whether those documents exist.[2] (*Id.*) In short, Petitioners argue that their

---

[1] The Government stated it searched (1) their office's file room and storage spaces, (2) their office's grand jury file room, and (3) the Federal Records Center ("FRC"). (ECF No. 33, at ¶¶ 7, 8.) The search uncovered both the original handwritten logbook of Special Federal Grand Jury 89-2 and twelve boxes of documents related to Special Federal Grand Jury 89-2. (*Id.* ¶¶ 7, 10.) The logbook failed to account for the ultimate disposition of the documents received pursuant to subpoenas or their location, and the twelve boxes at the FRC did not contain any relevant documents. (*Id.*)

[2] In support of their argument, Petitioners rely on document management and retention policies that took effect as early as 1996. (ECF No. 35, at 11, 12.) However, Petitioners do not explain how these policies are relevant to SFGJ 89-2, which concluded in 1992. (*Id.* at 5.) Even considering the fact that Petitioners cite five "related cases," none of the post-1992 cases reference the documents Petitioners seek. *See In re Special Federal Grand Jury 89-2*, 450 F.3d 1159, 1164 – 65 (10th Cir. 2006) (members of the SFGJ 89-2 petitioning to "release information" "speak publicly about their experience as grand jurors and their perceptions of the conduct of government employees and Department of Justice lawyers"); *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999) (requests for grand jury transcripts); *In re Special Federal Grand Jury 89-2*, 450 F.3d 1159, 1176 (10th Cir. 2006) (citing case law,

Petition was so broad such that it can be understood as either a petition for disclosure of grand jury proceedings or a petition to unseal court records, or both. (*Id.* at 15.) The Court disagrees that this is a practical reading of the Petition, and even if it were, unsealing grand jury proceedings and unsealing court records are discrete actions that may be accomplished in different ways.

*Mootness.* Mootness is an issue of subject matter jurisdiction which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See* U.S. Const. Art. III, § 2, cl. 1; *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez,* 558 U.S. at 130 (internal quotation marks and citations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

The Petition refers in numerous locations to "public and business documents" that were "gathered by" or "were provided to [SFGJ 89-2]" and remain "*under the seal for [SFGJ 89-2]*." (ECF No. 1, at 1–3, 5, 23, 24, 26.) Petitioners also cite to Federal Rule of Criminal Procedure 6(e) – the rule governing the recording and retention of the grand jury recording, reporter's notes, and transcripts prepared from those notes, by a *government attorney* by default. In doing so, they invoke and allege the standards that would otherwise be required to provide for the

---

generally, for the proposition that certain court proceedings must be sealed to preserve the secrecy of grand jury proceedings). In sum, Petitioner does not show that the "public and business records" they seek were considered by the court after 1992, meaning document management and retention policies adopted in 1996 are irrelevant. The question – one which Petitioners do not answer – is what were the policies covering the period during which SFGJ 89-2 was empaneled? There is reason to believe government attorneys believed these documents existed as late as 1994 (ECF No. 35-1), but there is no indication they or the court ever came into possession of those documents, again making 1996 policies irrelevant.

disclosure of grand jury proceedings. (ECF No. 1, at 25) (arguing the request for documents (1) is directly related to identifiable pending or anticipated litigation, (2) is supported by a particularized need, and (3) the interest of protecting the public health and safety at Rocky Flats outweighs the generalized public interest to grand jury secrecy).

Nowhere in their Petition do Petitioners allege they are entitled to the unsealing of court records, which begins with different presumptions and invokes a different analysis. *Compare* Fed. R. Crim. P. 6(e)(3) (exceptions to *presumed secrecy* under Rule 6(e)(2)(B)) *and* Fed. R. Crim. P 6(e), advisory committee notes, 2002 Amendments ("Rule 6(e) continues to spell out the *general rule of secrecy* of grand-jury proceedings and the exceptions to that general rule") (emphasis added) *and In re Special Grand Jury 89-2*, 450 F.3d 1159, 1177–78 (10th Cir. 2006) (citing *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)) (if disclosures are governed by Rule 6(e), "[t]he court initially must determine whether Rule 6(e) authorizes disclosures for Appellants' purposes, and, if so, whether they have met the standard for determining when the traditional secrecy of the grand jury may be broken") (internal quotations omitted), *with U.S. v. Bacon*, 950 F.3d 1286, 1292–94 (citing *U.S. v. Pickard*, 733 F.3d 1297, 1302–03 (10th Cir. 2013)) (due to the *presumption of public access* to judicial records, it is the party seeking to keep records sealed that bears the burden of justifying that secrecy).

Now that Petitioners have learned the suspected custodians of the SFGJ 89-2 materials[3] do not have them, Petitioners pivot to five "related cases." (ECF No. 35, at 9–11). And it is

---

[3] The Court acknowledges there is a dispute regarding whether third-party business records are "grand jury materials" subject to Fed. R. Crim. P 6(e) (ECF No. 24, at 4 n.1) (citing *U.S. ex rel. Woodard v. Tynan*, 757 F.2d 1085, 1087 (10th Cir. 1985)); however, the Court need not address the issue here and assumes without deciding that they are. *See also In re Special Grand Jury 89-2*, 450 F.3d 1159, 1167, 1177 (10th Cir. 2006) ("documents originally in the hands of a witness who produced them to a grand jury" could be subject to Rule 6(e) if "disclosure would tend to reveal some secret aspect of the grand jury's investigation").

through these related cases that Petitioners believe they may be able to obtain the "public and business documents provided to the [SFGJ 89-2]." (ECF No. 1, at 28.) However, it should be recognized that the grand jury has not been textually assigned to any particular branch of government and is a constitutional fixture in its own right. *U.S. v. Williams*, 504 U.S. 36, 47 (1992). "Although the grand jury normally operates . . . in the courthouse and under judicial auspices, its institutional relationship with the Judicial Branch has traditionally been . . . at arm's length." *Id.* Therefore, it is improper for Petitioners to specifically seek disclosures related to a grand jury inquiry, which are unrelated to the court, then refocus their sights on those same documents from the courts, using the same Petition alleging the same facts. *See Williams*, 504 U.S. at 48 (grand jury is functionally independent from the Judicial Branch).

The Court does not opine on whether Petitioners could bring a petition to unseal these related cases or Petitioners' ultimate success in doing so; however, as it is currently framed, this case is moot because the redress Petitioners seek – disclosure of public and business records that were gathered by and provided to SFGJ 89-2 *and remain under seal for the same* (ECF No. 1, at 28) – is no longer available. The Court lacks the power to issue the requested relief because the Government does not possess those documents and therefore cannot be compelled to produce them. (ECF No. 33.)

Based on the foregoing, it is **ORDERED**:

(1)     That the Order to Show Cause (ECF No. 34) is **MADE ABSOLUTE**;

(2)     That the Petition (ECF No. 1) is **DISMISSED without prejudice** as moot; and

(3)     That the Clerk shall close the case.

DATED this 23rd day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

6